1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **EASTERN DISTRICT OF CALIFORNIA**

8

9

10

11 SAMUEL D. ROWEL,

12            Petitioner,

13      v.

14

15 L. MARTINEZ, Warden,

16            Respondent.

17

18        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254.  After conducting a preliminary screening of the petition, it appears that

20 the petition fails to present any cognizable grounds for relief.  Therefore, the Court will recommend

21 that the petition be SUMMARILY DISMISSED.

22 **I.      PROCEDURAL HISTORY**

23        On January 19, 2016, in Kern County Superior Court, Petitioner pleaded guilty to one count of

24 first degree burglary, two counts of inflicting corporal injuries, and one count of assault with a deadly

25 weapon.  (Doc. 1 at 30.)  On February 17, 2016, he was sentenced to a total term of 29 years and 8

26 months.  (Doc. 1 at 30.)  Petitioner did not appeal the judgment and his conviction became final on

27 April 17, 2016.  (Doc. 1 at 19.)

28

)   Case No.: 1:22-cv-00515-AWI-SKO (HC)
)
)   FINDINGS AND RECOMMENDATION TO
)   DISMISS PETITION FOR LACK OF HABEAS
)   JURISDICTION
)
)   [TWENTY-ONE DAY OBJECTION DEADLINE]
)
)
)
)

1

On June 2, 2021, Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court seeking resentencing under (1) California Assembly Bill 1618, and (2) California Senate Bills 1393 and 620. (Doc. 1 at 18.)  The petition was rejected in a reasoned decision on June 16, 2021. (Doc. 1 at 18-21.)

On March 17, 2022, Petitioner filed the instant federal habeas petition in the United States District Court for the Northern District of California.  Because venue is proper in the Eastern District, the Northern District transferred the petition to this Court on April 28, 2022.

## II.    DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

2

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Petitioner claims that California Assembly Bill 1618 and California Senate Bills 1393 and 620 should apply to his case, and various sentencing enhancements he received as part of his sentence should be stricken. The state courts determined that the California bills are inapplicable to his case, and he is statutorily ineligible for resentencing. Petitioner is challenging the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). This Court is bound by the state court's interpretation of how the state sentencing statutes apply to convictions such as Petitioner's conviction. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam). Petitioner therefore fails to state a cognizable federal habeas claim, and the petition should be dismissed.

## III.    RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED with prejudice for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:  __**June 2, 2022**__                              __/s/ *Sheila K. Oberto*__

                                            UNITED STATES MAGISTRATE JUDGE